UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS E. SAGER,

        Plaintiff,

  v.

JOHN M. McHUGH,

        Defendant.

CASE NO. C12-5910 BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant John M. McHugh, Secretary of the Army's ("Army") motion to dismiss (Dkt. 5). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 15, 2012, Plaintiff Thomas E. Sager ("Sager"), an employee of the Department of the Army, filed a complaint against the Army, alleging violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. 2000, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). *See*

1  Dkt. 1. Sager also alleges a cause of action under the Washington Law Against

2  Discrimination ("WLAD"). *Id*. On March 12, 2013, the Army filed the instant motion to

3  dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 5. On April 8, 2013,

4  Sager responded in opposition. Dkt. 8. On April 12, 2013, the Army replied. Dkt. 11.

## II. FACTUAL BACKGROUND

6  Sager was employed by the Army at the Joint Base Lewis McChord ("JBLM"),

7  Department of Public Works. Dkt. 1 at 1. On or about October 13, 2010, Sager, by and

8  through his attorney of record, Michael Davis ("Davis") contacted an Equal Employment

9  Opportunity ("EEO") counselor at JBML alleging that Sager had been subjected to a

10  hostile work environment, treated in an unfair and disparate manner, and that the

11  treatment had been ongoing for several months. *Id.* at 2.

12  Sager did not file his formal EEO complaint within fifteen days of receiving

13  notice of his right to file an administrative complaint. Dkt. 5 (citing 29 C.F.R. §

14  1614.106(b)). By letters dated August 4 and September 20, 2011, Sager's attorney asked

15  the EEO counselor for a letter advising of the right to file a formal complaint. The EEO

16  office complied with the attorney's request and, on October 11, 2011, sent via certified

17  mail a Notice of Right to File Formal Complaint to Sager and to his attorney, Davis, at

18  their addresses of record. Mittet Decl., Exhibit 10. The letter sent to Davis was received

19  at his office on October 13, 2011, and signed for by Heather Pursley ("Pursley"). *Id*. The

20  notification of right to file plainly advised Sager that he needed to file a formal complaint

21  of discrimination within "15 calendar days of receipt of the notice." *Id*. The EEO office,

22  however, did not receive Sager's formal complaint until December 20, 2011, or 68 days

after his attorney received the notice. Mittet Decl., Exhibit 11. Mr. Sager was, therefore, 53 days late in filing his administrative complaint. The agency properly dismissed his administrative complaint as time-barred and the Equal Employment Opportunity Commission ("EEOC") upheld the dismissal. Mittet Decl., Exhibits 13 and 14.

Accordingly, the Army maintains that Sager's entire judicial complaint must be dismissed for failure to state a claim upon which relief should be granted and/or lack of subject matter jurisdiction. Dkt. 5 at 3. In his response, Sager does not dispute that the filing of his formal complaint was past the 15-day deadline, but maintains that his action should not be dismissed. Dkts. 8 & 8-1 at 2-3 (Declaration of Michael J. Davis).

### III. DISCUSSION

**A.     Standard**

Fed. R. Civ. P. 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Vacek v. U.S. Postal Serv.*, 447 F.3d 124, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Courts lacks subject matter jurisdiction over actions in which the plaintiff lacks standing. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). The burden falls on the plaintiff to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Vacek*, 447 F.3d at 1250. A motion brought under Rule 12(b)(1) may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the complaint

to consider extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No.* 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When a defendant makes a facial challenge to jurisdiction, all material allegations in the complaint are taken as true, and the question for the court is whether the lack of jurisdiction appears from the face of the pleading itself. *See Wolf*, 392 F.3d at 362; *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000). "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolf*, 392 F.3d at 362 (internal quotation marks omitted). For purposes of considering a motion to dismiss on the grounds of subject matter jurisdiction, a court may consider matters outside of the pleadings. *Association of American Medical Colleges v. United States of America.*, 217 F.3d 770, 778 (9th Cir. 2000).

When a motion to dismiss is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because the other grounds will become moot if the court lacks subject matter jurisdiction. *5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure*, § 1350 (2004 ed.).

**B.    Application of Standard**

The Army moves the Court to dismiss Sager's complaint on essentially four grounds: insufficiently pled factual allegations; failure to timely exhaust administrative remedies; dissatisfaction with the EEO process does not constitute grounds for employment discrimination claims; and exclusive statutory remedies for federal

employees bar him from recourse under WLAD. *See* Dkt. 5.  In Sager's response, he admits that he failed to timely comply with the EEO's 15-day requirement for filing a formal complaint.  *See, e.g.,* Dkt. 8 at 1 & 9.  However, Sager argues that he is entitled to equitable tolling or waiver for two reasons: (1) the EEO office improperly delayed his informal complaint and failed to provide counseling; (2) he did not receive the Notice of Right to File a Formal Complaint because the EEO office sent the notice to the wrong address and, although the notice was delivered to Davis, his attorney of record, Davis was out of town at the time of delivery.  *See* Dkt. 8.

The Court must first consider whether jurisdiction exists under Fed. R. Civ. P. 12(b)(1). Thus, the Court considers whether Sager has failed to timely exhaust administrative remedies.  If the Court determines that it has no jurisdiction over Sager's complaint, it is not necessary to consider the Army's other grounds for dismissal under Fed. R. Civ. P. 12(b)(6).

**1.     Legal Standard: Failure to Exhaust**

Title VII is a limited waiver of the United States' sovereign immunity for claims of federal employment discrimination. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-94 (1990). Pursuant to Title VII, federal employees who pursue judicial claims of employment discrimination must first exhaust their administrative remedies in accordance with applicable statutory provisions.  42 U.S.C. § 2000e; *see also B.K.B. v. Mauii Police Department*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Leorna v. United States Department of State*, 105 F.3d 548, 550 (9th Cir. 1997).

The purpose of the exhaustion requirement is twofold: to give notice of the alleged violation so as to allow the agency to fix the problem if applicable, and to give the EEOC and/or agency a chance to investigate and possibly informally resolve the claim. *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006); *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994); *see also Ong v. Cleland*, 642 F.2d 316, 318-20 (9th Cir. 1981). Therefore, a complaint "must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106(c).

The EEOC has promulgated regulations[1] governing the acceptance and processing of discrimination complaints in federal employment cases. *See* 29 C.F.R. §§ 1614.104 - 1614.110 (detailing administrative processing of federal Title VII complaints). These regulations provide time limits for the initiation of informal pre-complaint contact with an EEO counselor, and the filing of a formal EEO complaint. To initiate informal precomplaint processing, an aggrieved federal employee must consult with an EEO counselor within forty-five days of the alleged discriminatory event. 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved by informal pre-complaint counseling, the agency must provide the employee with notice of the right to file a formal complaint of discrimination. 29 C.F.R. § 1614.105(d). After receipt of notice, the employee has 15 days to file the formal complaint. 29 C.F.R. § 1614.106(b).

---

[1] Pursuant to its authority, the EEOC issues rules and regulations implementing the provisions of Title VII. 42 U.S.C. § 2000e-16(b). Regulations, properly promulgated, have the force and effect of law. *United States v. Nixon*, 418 U.S. 683, 695 (1974).

Time limitations such as those found in Title VII "are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-53 (7th Cir. 1990). These rules are not mere technicalities, but integral parts of Congress's statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." *Brown v. General Services Administration*, 425 U.S. 820, 833 (1976); *see also McKart v. United States*, 395 U.S. 185, 195 (1985). Accordingly, failure to timely file an EEO complaint, absent any lawful justification for such a failure, should normally result in dismissal of the complaint with prejudice. 29 C.F.R. § 1614.107(a)(1) and (2); *Leorna*, 105 F.3d at 550-51 ("Pursuant to these procedures, a claimant must consult the allegedly discriminating agency's EEO counselor prior to filing a complaint in order to try to informally resolve the matter . . . . [I]f the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen days of the conclusion of the pre-complaint processing. The agency will dismiss a complaint that fails to comply with the applicable time limits or that raises a matter that has not been brought to the attention of a counselor."); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001)

**2.     Parties' Arguments**

In its motion, the Army acknowledges that the time limits for exhausting administrative remedies may be subject to waiver, estoppel or tolling.  Dkt. 5 at 11. However, they argue that "such defenses … are only allowed under limited circumstances." *Id.* (*citing Irwin*, 498 U.S. at 96; *Baldwin County Welcome Ctr. v.*

1  *Brown*, 466 U.S. 147, 151(1984); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393

2  (1982)).  Moreover, the Army maintains that "waiver, equitable tolling and/or estoppel

3  are not justified when, as is the case here, the plaintiff failed to 'exercise due diligence in

4  preserving his rights.'" *Id.* at 12 (*citing Irwin*, 498 U.S. at 96 (*citing Baldwin*, 466 U.S. at

5  151; *Clark v. Frank*, 5 F.3d 535, 1993 WL 337481* 2 (C.A. 9 (Cal.) Sept. 1, 1993)).

In response, Sager devotes most of his briefing to asserting that the EEO office improperly delayed the processing of his informal compliant and failed to provide counseling as required by EEO regulations. *See* Dkt. 8 at 1-8. He essentially argues that equitable tolling is applicable both because Sager did not have notice of the EEO's Notice of the Right to File a Formal Complaint until December 13, 2011, and the EEO office failed to be timely in their administrative process so it is unfair to "turn around and attempt to use the [timeliness] argument that Mr. Sager had missed a deadline." Dkt. 10 at 11.

### a.     Equitable Tolling

It is undisputed that Sager failed to timely comply with the 15-day filing deadline. It is also undisputed that Sager was represented by Davis in this matter. It is further undisputed that the Army sent to Davis's office the Notice of Right to File a Formal Complaint.  It is further undisputed that the notice sent was received at Davis's office on October 13, 2011, as it was signed for by Pursely (Dkt. 6-1 at 30-33), a receptionist in the building where Davis rents space, who "collected [Davis's] mail and put it into [his] office on [his] desk," while he was out of town assisting with the care of a family member.  Dkt. 8-1 at 1-2.

1  In *Irwin*, where a complaint alleging discrimination was filed with the district
2  court 14 days beyond the limitations period, the Supreme Court found dismissal was
3  proper even though the plaintiff's attorney had been out of the country for approximately
4  two weeks after the right-to-sue notice was received and the plaintiff did not personally
5  receive notice until after counsel's return. 498 U.S. at 92, 96.  In that case, the Supreme
6  Court specifically rejected Irwin's argument which "urge[d] that his failure to file in a
7  timely manner should be excused because his lawyer was absent from his office at the
8  time that the EEOC notice was received, and that he thereafter filed within 30 days of the
9  day on which he personally received notice." *Id*. at 96. The Supreme Court held that "the
10  principles of equitable tolling described above do not extend to what is at best a garden
11  variety claim of excusable neglect" by his attorney. *Id*.

12  In a later Ninth Circuit case, *Loerna,* involving a plaintiff's failure to timely
13  exhaust administrative remedies when she failed to comply with an EEO pre-complaint
14  filing deadline and where she was represented by counsel, the court explained and
15  declined to apply equitable estoppel.  105 F.3d at 548.  In *Leorna*, the Ninth Circuit found
16  that the doctrine of equitable estoppel "has been consistently applied to excuse a
17  claimant's failure to comply with the time limitations where she had neither actual nor
18  constructive notice of the filing period." 105 F.3d at 551 (*citing Stallcop v. Kaiser Found.*
19  *Hosps*., 820 F.2d 1044, 1050 (9th Cir.), *cert. denied*, 484 U.S. 986 (1987); *Cooper v.*
20  *Bell*, 628 F.2d 1208, 1212 (9th Cir. 1980)). The Ninth Circuit further found that once a
21  claimant retains counsel, tolling ceases to be applicable because she has "gained the
22  'means of knowledge' of her rights and can be charged with constructive knowledge of

the law's requirements." *Id*. (*citing Stallcop*, 820 F.2d at 1050).  Thus, the Ninth Circuit concluded that Leorna failed to timely exhaust administrative remedies and tolling was inapplicable. *Leorna*, 105 F.3d at 551-552 .

In other cases, courts have found equitable tolling was not warranted in similar circumstances.  *See, e.g., Johnson v. Henderson,* 314 F.3d 409, 417 (9th Cir. 2002) (case involving failure to comply with the EEO 15-day deadline for filing formal complaint, Ninth Circuit stated "once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements" and finding equitable tolling inapplicable because undisputed evidence indicated Johnson was represented by counsel); *Carter v. Department of Veterans Affairs*, 228 Fed. Appx. 399 (5th Cir. 2007) (in discrimination case involving failure to file suit after attorney's receipt of notice of agency's final decision, Fifth Circuit held although attorney's offices were closed for holidays, no circumstances existed beyond attorney's control to prevent collection of notice, as mere fact that no one checked central mailing facilities until after receipt of notice does not prevent limitations period running; a contrary rule would "encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much to be desired").

In cases where courts have found that an attorney's conduct either merited or may warrant equitable tolling are those in which the plaintiff actually took issue with the attorney's conduct, the complained of conduct was more egregious or distinct from Davis's, and the plaintiff acted diligently in pursuing his claim despite attorney's

conduct. *See, e.g., Burton v. U.S. Postal Service,* 612 F. Supp. 1057 (D.C. Ohio 1985) (court held equitable tolling appropriate in part where plaintiff's attorney "failed to contact plaintiff following [an]…interview with the EEOC"; "irresponsibly abandoned his client"; prepared a formal written complaint on May 10 but did not mail it until May 29; "left town without informing his client"; and plaintiff diligently pursued his claim by retaining new counsel); *Cantrell v. Knoxville Community Development Corp*., 60 F.3d 1177 (6th Cir. 1995) (in discrimination case involving failure to meet 180-day filing deadline, Sixth Circuit held that where client was abandoned by attorney due to attorney's mental illness, equitable tolling may be appropriate and remanded case in part so plaintiff could present evidence of his former attorney's mental illness).

Under controlling authority, Sager is deemed to have constructive notice of the notice sent to his attorney's office. *Leorna*, 105 F.3d at 551.  That Davis was out of town when the notice was received at his office falls squarely within what the Supreme Court and Ninth Circuit have termed "garden variety claim of excusable neglect," which does not merit equitable tolling. *Irwin,* 498 U.S. at 96.  Sager presents neither any substantive arguments nor analogous cases to support to the contrary, and he does not complain his counsel's conduct in any way impeded his ability to pursue his claim.  Equitable tolling does not apply in this case.

      **b.**    **Equitable Estoppel**

Equitable estoppel, on the other hand, focuses on the actions taken by a defendant in preventing the plaintiff from complying with the statutory deadlines. In *Johnson v. Henderson*, the Ninth Circuit stated that:

> A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied .... Equitable estoppel, then, may come into play if the defendant takes active steps to prevent the plaintiff from suing in time − a situation that the Seventh Circuit terms fraudulent concealment. Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.

*Johnson*, 314 F.3d at 414 (internal citations and quotations omitted).

Based on the foregoing case, the Army argues that there is absolutely no evidence that the EEO office misled Sager or prevented him, in any way, from filing a formal complaint. Dkt. 5 at 13. The notice that was sent to Sager's attorney was very clear that the formal complaint had to be filed within 15 days of receipt of the notice. *Id.* Therefore, the Army maintains the doctrine of equitable estoppel does not apply.

In contrast, Sager simply asserts, without argument, that equitable estoppel should apply his case. *See* Dkt. 8 at 10. However, Sager does not argue any deceptive practice on the part of the Army, much less submits evidence that the Army's conduct caused him to file his formal complaint late. Neither does Sager contend that the Army had some improper purpose or tried to deceive him into filing an untimely complaint; nor does he maintain that the Army took any active steps to prevent him from filing his formal complaint. *See* Dkt. 8.

The doctrine of equitable estoppel does not apply in this case.

### c. Waiver

Waiver of the administrative deadlines is allowed only in very limited circumstances, such as where the parties have agreed to extend the time period, or where the agency or the EEOC has specifically ruled that an EEO complaint is timely. *See, e.g.*, *Girard v. Rubin*, 62 F.3d 1244, 1247 (9th Cir. 1995) (failure to contest EEOC's determination of timeliness at administrative level constituted waiver).

Relying in part on the case law set forth above, the Army maintains that the parties have not agreed to extend the time period, nor has the agency or the EEOC specifically ruled that Sager's complaint was timely. Dkt. 5 at 12 (*citing Girard*, 62 F.3d at 1247; *Rose v. Mabus*, 2010 WL 5139264 * 2 (S.D. Cal. Dec 13, 2010); *Tucker v. Reno*, 2001 WL 204826 *2 (D. Or. Feb 1, 2001)). To the contrary, the Army maintains "the agency specifically dismissed Sager's complaint for being untimely and the EEOC agreed that the complaint was untimely and affirmed the dismissal." Dkt. 5 at 12 (*citing* Mittet Decl., Exhibits 13 and 14).

Aside from citing *Zipes*, 455 U.S. at 393, for the general principle that the equitable doctrines of waiver, equitable estoppel, and equitable tolling may apply to the administrative exhaustion requirements, as Sager did with both equitable tolling and equitable estoppel, he presents no evidence or legal argument with citation to analogous cases which would support that the waiver is appropriate here. *See* Dkt. 8 at 10.

The Court concurs with the Army there is no evidence before the Court that waiver is applicable.

## C. Legal Standard for 12(b)(6)

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

### 1. WLAD Claim

It is well established that the United States possesses sovereign immunity from civil suits brought by its citizens, except when it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Mitchell*, 445 U.S. 535, 538, *reh'g denied*, 446 U.S. 992 (1980*), cert. denied*, 464 U.S. 102 (1983); *United States v. Testan*, 424 U.S. 392, 399 (1976). Furthermore, the United States can define the limits of such consent. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Accordingly, a party bringing an action against the United States must demonstrate a waiver of immunity and the waiver "cannot be implied

but must be unequivocally expressed." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Holloman v. Watt*, 703 F.2d 1399, 1401 (9th Cir. 1983). The party bringing an action against the United States "bears the burden of demonstrating an unequivocal waiver of immunity." *Mitchell v. United States*, 787 F.2d 466, 467 (9th Cir. 1986), *cert. denied* 484 U.S. 856 1987). Moreover, any waiver of that immunity must be strictly construed in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g., Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

The Army argues that although the United States has consented to be sued for claims of employment discrimination, it has not waived sovereign immunity with respect to claims brought pursuant to the WLAD. Dkt. 5 at 14. In fact, according to the Army, it is well settled that Title VII provides the exclusive remedy for claims of discrimination based on race, color, religion, sex and national origin. *Id*. at 14-15 (*citing Brown v. GSA*, 425 U.S. 820, 835 (1976); *Kotarski v. Cooper*, 799 F.2d 1342 (9th Cir. 1986); *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir 1985) (citations omitted)). Likewise, the Army contends, the ADEA is the exclusive remedy for claims of age discrimination brought by federal employees. *Id*. at 15 (*citing* 29 U.S.C. §633(a); *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996); *Chennareddy v. Bowsher*, 935 F.2d 315, 318 (D. D. C. 1991); *Autrey v. Rubin*, 1996 WL 478695 *1 (N.D. Cal., Aug 7, 1996)). Finally, the Rehabilitation Act provides the exclusive remedy for claims of

employment discrimination based on disability. *Id.* (*citing* 29 U.S.C. §§ 701, *et seq.*; *Johnson v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989)).

Sager makes no argument in opposition to the Army's position. *See* Dkt. 8. Sager's briefing is essentially devoted to asserting equitable tolling, waiver, or estoppel is applicable. *Id.*

As a federal employee, Sager's exclusive remedies for his alleged discriminatory conduct by his employer are under Title VII, the ADEA, and the Rehabilitation Act. *Boyd v. United States Postal Service*, 752 F.2d at 414 ("Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex or national origin"); 29 U.S.C. §633(a) (Regarding the ADEA: "[n]othing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action"); *Johnson v. Horne,* 875 F.2d at 1420, *overruled on other grounds*, (Rehabilitation Act, requiring reasonable accommodation for federal employees "is the exclusive remedy for handicap discrimination claims by federal employees"). Sager's WLAD allegations do not state a claim upon which relief can be granted.

**2. Claim for Dissatisfaction with Administrative Process**

The Army argues that although Sager has not specifically pled a cause of action based on the agency's processing of his informal EEO complaint, his complaint is notably devoid of facts specific to his claims of discrimination and, instead, focuses almost entirely on the administrative processing of his informal EEO complaint. The

Army maintains that to the extent Mr. Sager is attempting to actually raise a claim pertaining to the administrative processing of his EEO complaint, any such claim must be dismissed as there is no cause of action that permits recovery for perceived imperfections in an agency's handling of an administrative complaint. *Id.* (*citing* 29 C.F.R. 1614.107(a)(8) (claims alleging "dissatisfaction with the processing of a previous filed complaint" shall be dismissed); *Thompson v. Trident Seafoods Corp.*, W.D. Wash. Case No. C11-0120 RSL (Order dated April 16, 2012, granting Defendant's Motion to Dismiss, at Dkt. No. [sic])(*citing Diggs v. Potter*, 700 F. Supp. 2d 20, 46 (D.D.C. 2010); *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000)).

      Neither party points to a Ninth Circuit case that either directly supports or undermines the Army's position that failure to properly follow the EEO process does not constitute a viable claim. In fact, although Sager uses a substantial part of his brief to articulate factual assertions and citations to C.F.R.s in an attempt to show the Army didn't properly follow the EEO process, Sager fails entirely to address the Army's position with legal argument supporting that his claim is viable. *See* Dkt. 8.

      As the Seventh Circuit found in *Jordan*, analogy to EEOC practice is instructive here. 205 F.3d at 342. In that case, an issue before the Seventh Circuit was whether Jordan, a federal employee, had a cause of action in federal court against her employer for failure to properly process her complaint. *Jordan*, 205 F.3d 337. In *Jordan*, the court reasoned:

> It is well established that a private-sector employee has no cause of action against the EEOC for its failure to process a charge of discrimination. *See McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984)

> ("It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge."). *See also Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir.1997); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5-6 (2d Cir. 1997); *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991); *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983) …. The proper course for a private plaintiff whose claim the EEOC mishandled is to bring a lawsuit against the plaintiff's employer on the merits, not one against the EEOC. *See McCottrell*, 726 F.2d at 352. A similar rule is warranted here. Jordan presents no persuasive reason why she, as a federal employee, should be given an implied failure-to-process cause of action under Title VII that has been consistently denied to private plaintiffs. And even if the EEO Division botched the processing of her complaint, Jordan is now already in a federal court on the merits, and any earlier mishandling is essentially moot. Jordan's failure-to-process claim does not state a claim upon which relief can be granted, and Customs is entitled to judgment as a matter of law.

*Jordan*, 205 F.3d at 342.

As the Army notes, it is not clear from Sager's complaint that he is actually pleading a cause of action for failure to properly process his EEO complaint or follow administrative procedures. However, to the extent that he is, the Court finds the Seventh Circuit decision persuasive authority and consistent with Ninth Circuit reasoning for private plaintiffs. *See Ward v. EEOC*, 719 F.2d at 313. Therefore, the Court concludes that Sager, like Jordan, has brought a suit before the federal court to be heard on the merits, which alleges discriminatory conduct by his employer. Thus, either prior mishandling by the Army of a complaint containing the same discrimination allegations or dissatisfaction with the Army's EEO administrative processing of the complaint is moot. *Jordan*, 205 F.3d at 342. Sager has failed to state a claim upon which relief can be granted.

# IV. ORDER

Therefore, it is hereby **ORDERED** that the Army's motion to dismiss (Dkt. 5) is **GRANTED**, and this case is closed.

Dated this 29th day of April, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge